**STRAFFI & STRAFFI, LLC**
670 Commons Way
Toms River, NJ 08755
(732) 341-3800
Attorney for Plaintiff

| | |
|---|---|
| In re:<br><br>Eagle Roadways, Inc.<br><br>Debtor.<br><br>Daniel E. Straffi, Trustee<br><br>Plaintiff,<br><br>v.<br><br>Harjinder Singh Saini<br><br>Defendant. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 7 proceeding<br><br>Case No. 21-10174/KCF<br><br>Adv. Proceeding No.<br><br>**COMPLAINT TO RECOVER FRAUDULENT TRANSFERS, PREFERENCES, AND FOR OTHER RELIEF** |

Plaintiff, Daniel E. Straffi, Trustee having offices located at 670 Commons Way, Toms River, New Jersey, 08755, complaining of Defendant, Harjinder Singh Saini (hereinafter "Harjinder") says:

## JURISDICTION

1.  On January 11, 2021, (the "filing date"), Eagle Roadways, Inc. (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 USC §101, et seq. ("the Bankruptcy Code"). The case was converted to Chapter 7 of the Code on March 18, 2021.

1

2. This is an adversary proceeding instituted pursuant to Bankruptcy Rule 7001 of the Federal Rules of Bankruptcy Procedure seeking to recover preferences under 11 USC §§544, 548 and 550 of the Code.

3. The United States Bankruptcy Court for the District of New Jersey has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 USC §1334.

4. This adversary proceeding is a core proceeding within the meaning of 28 USC §157(b)(2) and, accordingly jurisdiction is conferred upon the United States Bankruptcy Court for the District of New Jersey.

5. Venue is proper in this Court pursuant to 28 USC §1409(a).

## PARTIES

6. The Debtor had a place of business at 860 King George Road, Unit 2B, Fords, New Jersey, 08863.

7. Plaintiff is the Trustee in Debtor's bankruptcy case having been appointed on March 18, 2021.

8. Defendant is an individual having a residence at 7429 Durham Ave., North Bergen, NJ 07047.

## FACTS

9. The Debtor is a corporation organized under the laws of the State of New Jersey that had a place of business at 860 King George Road, Unit 2B, Fords, New Jersey.

10. Bhupinder Singh is and has been for all relevant periods the President and 100%

owner of the Debtor. As the President, sole owner and insider of the Debtor, Bhupinder Singh managed, directed and controlled the operations and finances of the business.

11. Despite knowing the Debtor to be insolvent and unable to pay debts as they became due, Singh engaged in a pattern of conduct by which he directed, allowed or caused Debtor to make payments to various third parties for obligations not owed by Debtor to the exclusion and detriment of the Estate's creditors.

12. Within ninety (90) days of filing the bankruptcy petition, the Debtor paid monies to the Defendant in the transfer(s) described in Exhibits "A" annexed hereto (hereinafter referred to as "transfer(s)").

13. Within two (2) years of filing the bankruptcy petition, the Debtor paid monies to the Defendant in the transfer(s) described in Exhibit "B" annexed hereto (hereinafter referred to as "transfer(s)").

14. A review of the Debtor's records did not result in the finding of any dealings between the Debtor and the Defendant other than the transfers listed in Exhibit(s) "A" and "B".

15. There are no contracts, invoices or other evidence in the Debtor's records having to do with the Defendant.

16. Before the filing of the within case, Plaintiff sent a letter to the Defendant making a demand for recovery of the monies which are the subject of the within complaint. A copy of the letter is annexed as Exhibit "C".

17. The letter also provided for the Defendant to contact the Plaintiff with any questions regarding the demand.

18. In addition, the Plaintiff requested that Defendant direct the letter to any attorney representing the Defendant and to provide the Plaintiff with his or her contact information.

19. The Defendant contacted the Plaintiff before the filing of the complaint but has not returned the aforesaid monies.

20. A review of the debtor's records did not yield any reason for the Plaintiff to believe that the Defendant had or has affirmative defenses to the Plaintiff's demand for recovery of the transfers.

21. The transfers were not authorized under the United States Bankruptcy Code or by an Order of the Court.

## FIRST COUNT
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (11 U.S.C. §§ 548 and 550)

22. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. The Debtor received no, or less than reasonably equivalent, value in exchange for the Transfers.

24. The Debtor was insolvent, became insolvent, or intended or believed it would incur debts beyond its ability to pay as such debts matured, at the time the Transfers were made or as a result of the Transfers having been made, and/or was engaged or about to become engaged in a business or transaction for which the property remaining in its hands after the Transfers was unreasonably small capital.

25. The Transfers in amount of $10,000.00 as set forth in Exhibit "B" annexed hereto were made within two years of the Petition Date.

26. Under section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff is entitled to avoid the Transfers.

27. The Defendant is the initial transferee of the Transfers.

28.     The Plaintiff is entitled to recover the value of the Transfers from the Defendant pursuant to section 550 of the Bankruptcy Code.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendant avoiding the Transfers in an amount not less than $10,000.00 and awarding the Plaintiff costs, pre- and post-judgment interest and such other relief the Court deems equitable and just.

## SECOND COUNT
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (11 U.S.C. §§ 548 and 550)

29.     The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

30.     The Debtor made the Transfers with the actual intent to hinder, delay or defraud creditors to which the Debtor was or became thereafter indebted.

31.     Under section 548(a)(1)(A) of the Bankruptcy Code, the Plaintiff is entitled to avoid the Transfers.

32.     The Transfers in the amount of $10,000.00 as set forth in Exhibit "B" annexed hereto were made within two years of the Petition Date.

33.     The Defendant is the initial transferee of the Transfers.

34.     The Plaintiff is entitled to recover the value of the Transfers from the Defendant pursuant to section 550 of the Bankruptcy Code.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendant avoiding the Transfers in an amount not less than $10,000.00 and awarding the

Plaintiff costs, pre- and post-judgment interest and such other relief the Court deems equitable and just.

### THIRD COUNT
### (11 U.S.C. §550)

35. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

36. Upon information and belief, Defendant was the initial transferee of the transfer(s), the entity of whose benefit the transfer(s) were made, and/or the beneficial transferee thereof.

37. Pursuant to Bankruptcy Code §550, Plaintiff is entitled to recover the transfer(s), together with pre and post-judgment interest thereon at the maximum legal rate from the date that the transfer(s) were made to Defendant.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant, as follows:

    a. avoiding the transfer(s);

    b. for damages in an amount equal to the value of the transfer(s), together with interest and costs of suit;

    c. ordering Defendant to turn over to Plaintiff within ten (10) days of judgment an amount equal to the value of the transfer(s); and

    d. granting such other relief that this Court deems just and equitable.

### FOURTH COUNT
### (11 U.S.C. §547)

38. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

39. This cause of action is pled in the alternative should the Defendant assert it was a creditor of the Debtor at the time the Ninety-Day Transfer(s) were made.

40. The aforesaid Defendant was a creditor of the Debtor at the time the aforesaid transfer(s) (Exhibit "A") was made.

41. Such transfer(s) was made for or on account of an antecedent debt owed by the Debtor to the Defendant before the transfer(s) was made.

42. Such transfer(s) in the sum of $5,000.00 as set forth in Exhibit "A" were made within ninety (90) days of the filing of the Debtor's bankruptcy petition.

43. The transfer(s) was made while the Debtor was insolvent.

44. Such transfer(s) enabled the Defendant to receive more than said Defendant would receive if (a) the case were a case under Chapter 7 of Title 11; (b) the transfer(s) had not been made; and (c) the Defendant had received payments on its debts to the extent provided by the provisions of said Title 11.

45. The Plaintiff exercised reasonable due diligence in the circumstances of the case and took into account Defendant's known or reasonably knowable affirmative defenses.

46. The aforesaid transfer(s) is a preference within the meaning of §547 of the Bankruptcy Code.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant, as follows:

  a. Declaring that each transfer(s) by Debtor be declared a preference, and that the same be set aside and declared void as against Plaintiff;

  b. Ordering the Defendant to account for and to recovery, return and retransfer(s) to Plaintiff the said property;

  c. Granting Plaintiff judgment for damages in an amount not less than

$5,000.00 and costs; and

d.  Granting Plaintiff such other and further relief as is just.

## FIFTH COUNT
## TO DISALLLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)

47. The Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

48. The transfer(s) was made for the benefit of Defendant.

49. Pursuant to 11 U.S.C. §502(d), any claim maintained by Defendant against the Debtor's estate must be disallowed until such time as Defendant pays the full value of the transfer(s) to the Debtor's estate.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant, as follows:

a.  disallowing any claims by Defendant pursuant to 11 U.S.C. §502(d);

b.  awarding Plaintiff costs of suit and reasonable attorney's fees; and

c.  granting Plaintiff such other and further relief as the Court deems just and appropriate under the circumstances.

## RESERVATION OF RIGHTS

50. The Plaintiff reserves the right, to the extent permitted under the Bankruptcy Code or by agreement, to assert additional claims or causes of action against any third party relating to the subject matter of this action or otherwise.

51. During the course of this proceeding, the Plaintiff may learn, through discovery or

otherwise, of additional avoidable and recoverable obligations, payments or other transfers, claims, or causes of action. The Plaintiff reserves the right to amend this Complaint to include: (i) additional information regarding the claims for relief herein; (ii) additional claims or causes of action; (iii) additional information regarding and/or modifications to the name of any of the Defendants; and/or (iv) additional defendants, and for any such amendments to relate back to this Complaint.

Dated: 1/5/23

_____
Daniel E. Straffi
Attorney for Plaintiff

# Eagle Roadways, Inc.
## Petition Date: 1/11/21
## 90 Day Period 10/13/20-1/11/21
### Exhibit A

| Payee | Check No. | Check Date | Clearing Date | Amount | Account |
|---|---|---|---|---|---|
| Harjinder Singh Saini | 1104 | 10/19/2020 | 10/19/2020 | 5,000.00 | Wells Fargo #4535 |
| Harjinder Singh Saini Total | | | | 5,000.00 | |

# Eagle Roadways, Inc.

Petition Date: 1/11/21

Two (2) Year Period 1/11/19-1/11/21

## Exhibit B

| Payee | Check No. | Check Date | Clearing Date | Amount | Account |
|---|---|---|---|---|---|
| Harjinder Singh Saini | 1065 | 9/15/2020 | 9/24/2020 | 5,000.00 | Wells Fargo #4535 |
| Harjinder Singh Saini | 1104 | 10/19/2020 | 10/19/2020 | 5,000.00 | Wells Fargo #4535 |
| **Harjinder Singh Saini Total** | | | | **10,000.00** | |



| DANIEL E. STRAFFI, ESQ. | 670 COMMONS WAY | DANIEL E. STRAFFI, JR, ESQ.* |
|---|---|---|
| bktrustee@straffilaw.com | TOMS RIVER, NJ 08755 | familyclient@straffilaw.com |
| | T: (732) 341-3800 | bkclient@straffilaw.com |
| | F: (732) 341-3548 | |
| | www.straffilaw.com | * R. 1:40 Qualified Mediator |
| | infodocuments@straffilaw.com | |

*Regular, Certified and Email*

November 29, 2022

Harjinder Singh Saini
7429 Durham Ave
North Bergen, NJ 07047

**BANKRUPTCY PREFERENCE DEMAND – IMMEDIATE ATTENTION REQUIRED**

Re:   Eagle Roadways, Inc.
        Case No: 21-10174/KCF

Dear Mr. Saini:

This firm represents Daniel E. Straffi, Chapter 7 Trustee ("Trustee") for Eagle Roadways, Inc. Chapter 7 debtor ("Debtor"). The Debtor filed a voluntary bankruptcy proceeding pursuant to Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") on January 11, 2021 (the "Filing Date"). The case was converted to Chapter 7 on March 18, 2021. On March 18, 2021, Mr. Straffi was appointed by the Department of Justice, Office of the United States Trustee, as Chapter 7 Trustee of the Debtor's estate.

Section 547 and 550 of the Bankruptcy Code empower a debtor or a Trustee to recover payments made to creditors and/or other transferees during the ninety (90) day prior to a debtor's bankruptcy filing, or, within one (1) year to an insider of the debtor, as such payments are deemed to be "preferential payments." The Trustee, by and through his retained professionals, has reviewed the potential preference claims involving you. According to the Debtor's records, you received $5,000.00 during the ninety (90) day preference period as set forth in Exhibit "A" annexed hereto.

In addition, §§544, 548 and 550 of the Bankruptcy Code empower a debtor or a Trustee to avoid transfers made to creditors and/or transferees during the two (2) and four (4) year period prior to a debtor's bankruptcy filing. The Trustee, by and through his retained professionals, has reviewed the potential transfer claims involving you. According to the Debtor's records, you received $10,000.00 during the two (2) year avoidance period as set forth in Exhibit "B" annexed hereto.

EXHIBIT C

This is a demand for the immediate return of the monies paid by the Debtor during the preference/avoidance period. The Trustee must receive payment (in immediately available U.S. funds) at the address listed below on or before December 9, 2022 (the "Deadline"). Please make your check payable to "Daniel E. Straffi, Chapter 7 Trustee for Eagle Roadways, Inc.," and mail it to the following address:

**Straffi & Straffi**
**670 Commons Way**
**Toms River, NJ 08755**

If the payment is not received by the Deadline, the Trustee will be forced to initiate legal action in the Bankruptcy Court to recover, among other things, the full value of the transfers, plus interest at the highest applicable rate allowed under the Bankruptcy Code, plus any other amounts available under the law as well as fees and costs associated with the filing of the action. In addition, if you filed a claim in the Chapter 7 case, your claim may not be eligible to receive any distribution made to unsecured creditors unless the preference claim against you is satisfied.

This confidential letter is provided for settlement purposes only and, as such, any statements contained herein are inadmissible pursuant to Federal Rule of Evidence 408. Further, this letter supersedes and replaces any previous communication you have received in the past. Nothing contained herein should be construed as an admission of fact or law by the trustee or the debtor. To the extent we determine that additional preferential payments not yet considered or discovered were received by you during the preference period, the Trustee expressly reserves all rights with regard thereto at this time.

If you have any questions regarding this demand, you may contact the undersigned at (732) 341-3800. Additionally, if you have an attorney, you may direct this letter to him or her and provide the undersigned with his or her contact information.

If you have any questions or require any further information, please do not hesitate to contact me.

Very truly yours,

Daniel E. Straffi

DES:jmr

cc:   Steven J. Sico, Esq.

# Eagle Roadways, Inc.

Petition Date: 1/11/21

90 Day Period 10/13/20-1/11/21

## Exhibit A

| Payee | Check No. | Check Date | Clearing Date | Amount | Account |
|---|---|---|---|---|---|
| Harjinder Singh Saini | 1104 | 10/19/2020 | 10/19/2020 | 5,000.00 | Wells Fargo #4535 |
| Harjinder Singh Saini Total | | | | 5,000.00 | |

## Eagle Roadways, Inc.

Petition Date: 1/11/21

Two (2) Year Period 1/11/19-1/11/21

### Exhibit B

| Payee | Check No. | Check Date | Clearing Date | Amount | Account |
|---|---|---|---|---|---|
| Harjinder Singh Saini | 1065 | 9/15/2020 | 9/21/2020 | 5,000.00 | Wells Fargo #4535 |
| Harjinder Singh Saini | 1104 | 10/19/2020 | 10/19/2020 | 5,000.00 | Wells Fargo #4535 |
| Harjinder Singh Saini Total | | | | 10,000.00 | |